# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH ROE, | ) | CASE NO.  4:20-cv-1021 |
| | ) | |
| PETITIONER, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| WARDEN MARK WILLIAMS, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is an emergency petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 brought by *pro se* petitioner Joseph Roe ("Roe").  Roe, a federal prisoner, seeks release to home confinement due to the COVID-19 outbreak at Federal Correctional Institution, Elkton ("FCI Elkton") in Lisbon, Ohio, where he is incarcerated.  (Doc. No. 1 ["Petition"] at 9-10.[1])

For the reasons that follow, the petition is denied and dismissed without prejudice.

---

[1] Page number references are to page identification numbers generated by the Court's electronic docketing system.

**A. Background**

According to the petition, the COVID-19 infection is rampant at FCI Elkton and the Federal Bureau of Prisons' ("BOP") response to the outbreak is inadequate and fails to comply with public health guidelines for COVID-19 prevention. (See *id*. at 3-8.) Roe claims that he is at greater risk from COVID-19 infection because he is overweight and suffers from kidney problems,[2] and the BOP's inadequate response to the COVID-19 outbreak violates his constitutional rights under the Eighth Amendment of the United States Constitution. (*Id*.)

**B. Discussion**

Title 28 U.S.C. § 2243 requires the Court to conduct an initial screening of Roe's petition. *See Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). *Pro se* pleadings are held to less stringent standards than formal pleadings drafted by lawyers and must be liberally construed. *Boag v. MacDougall,* 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam) (citing *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972)); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (*pro se* complaints are entitled to liberal construction) (citations omitted). This principle of liberal construction applies to petitions for a writ of habeas corpus. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). A petition will be denied "if it plainly appears from the petition … that the petitioner is not entitled to relief." Rule 4 of Rules Governing § 2254 in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

Section 2241 grants federal courts the power to issue writs of habeas corpus to prisoners being held "in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). A § 2241 petition "'is appropriate for claims challenging the execution or

manner in which [a prisoner's] sentence is served.'" *Wilson v. Williams*, No. 4:20-CV-00794, 2020 WL 1940882, at *5 (N.D. Ohio Apr. 22, 2020) (quoting *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)), vacated on other grounds 961 F.3d 829 (6th Cir. 2020).

"It is well settled in the Sixth Circuit that before a prisoner may seek habeas corpus relief under § 2241, he must first exhaust his administrative remedies." *Bronson v. Carvaljal*, No. 4:20-CV-914, 2020 WL 2104542, at *2 (N.D. Ohio May 1, 2020) (citing among authority *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013)). That said, "*Luedtke* forbids a court from dismissing a § 2241 petition at the screening stage for failing to plead exhaustion or to attach exhibits with proof of exhaustion, but it does not prohibit a court from *sua sponte* dismissing a § 2241 petition where lack of exhaustion is apparent from the face of the pleading." *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *2 (6th Cir. July 17, 2017) (citing *Luedtke*, 704 F.3d at 466).

Here, Roe states that his "life is presently in danger and said life could be lost by attempting to exhaust administrative procedures which are inadequate[.]" (Petition at 8-9.) Even with the benefit of liberal construction, it is apparent from the face of the petition that Roe has not exhausted his administrative remedies.

Accordingly, to the extent that the Court could grant Roe the relief he requests the petition is denied without prejudice because he has not first exhausted his administrative remedies. *See Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017) (affirming the district court's dismissal of § 2241 petition without prejudice where petitioner's failure to exhaust his administrative remedies was apparent on the face of the petition) (citing *Jones v Bock*, 549 U.S. 199, 214-16, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007));

---

[2] According to the BOP inmate locater, Roe is 52 years old.

*see also Singleton v. Williams*, No. 4:20 CV 961, 2020 WL 2526990, at *1 (N.D. Ohio May 18, 2020) (dismissing without prejudice petition seeking release to home confinement due to COVID-19 where it is apparent from the face of the petition that petitioner has not exhausted his administrative remedies as required where relief is sought pursuant to § 2241 or 18 U.S.C. § 3582) (citing *Settle*, 2017 WL 8159227, at *2; *Bronson,* 2020 WL 2104542, at **2-3); *Schmutzler v. Quintana*, No. CV 5: 19-046-DCR, 2019 WL 727794, at *1 (E.D. Ky. Feb. 20, 2019) (denying § 2241 petition without prejudice where petitioner admits that he has not exhausted remedies available with the BOP) (citing among authority *Luedtke*, 704 F.3d at 466).

**C. Conclusion**

For the foregoing reasons, Roe's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied without prejudice and dismissed. The Court finds, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: July 24, 2020

*s/ Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE